IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CR-0108-CVE |
| ) | (Civil No. 21-CV-0113-CVE-JFJ) |
| MICHAEL DEAN BILLEY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is plaintiff's motion to dismiss (Dkt. # 63) defendant's § 2255 motion (Dkt. # 58) as untimely. Defendant has filed an opposition to that motion (Dkt. # 64), and the motion is fully briefed.

**I.**

On November 29, 2017, defendant pled guilty to knowingly possessing two firearms with barrel lengths of less than 18 inches, that were not registered to him in the National Firearms Registration and Transfer Record, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. Dkt. # 26. In his plea agreement, defendant asserted that he "knowingly possessed the two weapons made from shotguns described in the Indictment while attempting to sell them to an undercover officer . . . ." Id. at 8. He stated that he "knew at the time [he] possessed the weapons that they were both made from shotguns and that they both had barrels of less than 18 inches in length." Id. He further admitted that "neither weapon was registered in the National Firearms Registration and Transfer Record." Id. The parties stipulated that a sentence of 72 months of imprisonment was the appropriate disposition. Id. at 12.

On April 9, 2018, the Court accepted the plea agreement, granted a motion for downward departure (Dkt. # 43), and sentenced defendant to 56 months of imprisonment. Dkt. ## 45, 46 at 2.

Defendant did not appeal and, fourteen days later, on April 23, 2018, defendant's judgment of conviction became final. On March 12, 2021, more than two years after defendant's judgment of conviction became final, defendant filed a § 2255 motion. Dkt # 58.

In that motion, defendant asserts that his conviction should be vacated for several reasons. Defendant alleges that the Court does not have jurisdiction over his case pursuant to McGirt v. Oklahoma, —— U.S. ——, 140 S. Ct. 2452, 2482 (2020). Id. at 4. Defendant states that he is subject to federal jurisdiction only for crimes arising under 18 U.S.C. 1153(a). Id. at 5. Additionally, defendant argues the Court has no jurisdiction over certain crimes committed on established reservations. Id. at 11.

Defendant also alleges that his conviction should be vacated pursuant to Rehaif v. United States, 588 U.S. —, 139 S. Ct. 2191 (2019), because he did not know the firearms he possessed were supposed to be registered and that he had to pay a tax on those firearms. Id. at 3, 7. Defendant also argues that the power to tax is unconstitutional. Id. at 8.

Finally, defendant argues that his motion, filed more than two years after his judgment of conviction became final, is timely based on new law. Id. at 14. Defendant cites to McGirt and Rehaif as the intervening law that excuses his delinquent motion.

On April 13, 2021, plaintiff filed a motion to dismiss (Dkt. # 63) defendant's § 2255 motion as untimely. Plaintiff argues that defendant's motion was filed well after the one year statute of limitations had run for bringing a § 2255 motion, and equitable tolling did not apply to any of defendant's claims.

In his reply (Dkt. # 64), defendant argues that McGirt instructs that the tribal treaties that guarantee sovereignty to certain tribes remain in effect, and thus defendant is not subject to certain

laws of the United States when on tribal lands. Id. at 6. Defendant further argues he is not subject to taxes on material items under the laws of the Cherokee Nation, with limited exceptions, and therefore the crime of failing to register a firearm would not be a crime within the boundaries of the Cherokee Nation. Id. at 9. Finally, defendant asserts that even if the laws did apply, under 25 U.S.C. § 1302(7)(d), defendant's sentence should be no more than nine years imprisonment. Id.

## II.

Section 2255 of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) allows a prisoner serving a sentence imposed by a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" within one year if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

The one-year period runs from the latest of, inter alia, "the date on which the judgment of conviction becomes final[,]" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f).

The one-year period is "subject to equitable tolling but only 'in rare and exceptional circumstances.'" Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998), cert. denied, 526 U.S. 1074 (1999)). Those circumstances include "when a prisoner is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents the prisoner from filing within the limitations period, or when a prisoner actively pursues a judicial remedy but files a defective pleading during the statutory period." Id. In

3

order to qualify for the application of equitable tolling, an inmate must "diligently pursue[] his claims and demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond [his] control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Id. (internal quotations omitted).

Because defendant did not file his motion within one year of April 23, 2018–the date on which the judgment of conviction became final–defendant must show either that he filed within one year of the date on which a "right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" (28 U.S.C. § 2255(f)(3)), or must show that equitable tolling is applicable. As defendant raises three different grounds on which to vacate his conviction and sentence, the Court addresses them in turn.

### A. McGirt

On July 9, 2020, the Supreme Court ruled that the Muscogee (Creek) Nation in Oklahoma had never been disestablished. McGirt v. Oklahoma, ––– U.S. –––, 140 S. Ct. 2452, 2482 (2020). Importantly, this ruling elucidated that Oklahoma did not have jurisdiction to prosecute Native Americans for certain criminal offenses committed in the Muscogee (Creek) Nation. 18 U.S.C. § 1153; McGirt, 140 S. Ct. at 2478.[1] The Court stated that, instead, certain crimes committed in the Muscogee (Creek) Nation by Native Americans could only be prosecuted by the United States.

---

[1] The McGirt ruling has subsequently been extended to the reservations of four other tribes, including the Cherokee Nation.

In this case, defendant was not prosecuted by the state of Oklahoma. Defendant was indicted in federal court for crimes against the United States. See Dkt. # 4 (indictment charging defendant with 26 U.S.C. §§ 5861(d) and 5871). This Court has original and exclusive jurisdiction to adjudicate those crimes under 18 U.S.C. § 3231. The Court has the power to adjudicate "crimes over which there is federal jurisdiction regardless of whether an Indian is involved." United States v. Hamilton, 764 F. App'x 816, 818 (10th Cir. 2019)[2] (quoting United States v. Wheeler, 435 U.S. 313, 330 n.30 (1978)). Defendant pled guilty to federal charges. Dkt. # 26. It follows that, in the absence of any state charges or state jurisdiction, McGirt, which ruled on the reach of state jurisdiction over Native Americans on established reservations, is inapplicable.

Even assuming, arguendo, that McGirt were in some way applicable, defendant's argument that it extended his one-year limitations period is without merit. Section 2255(f)(3) provides that the one-year limitations period may begin on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, the Supreme Court did not recognize any new constitutional rights in McGirt. Instead, the McGirt Court relied on established precedent to determine that Congress did not disestablish the historical boundaries of the Muscogee (Creek) Nation Reservation; that the reservation thus remains "Indian country," as defined in 18 U.S.C. § 1151(a); and that, as a result, certain crimes committed by or against Native Americans within the boundaries of that reservation must be prosecuted in federal court. 140 S. Ct. 2462-68,

---

[2]  Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

2479. Absent any showing that a new constitutional right was created by McGirt, defendant's case does not merit the application of the one-year limitations period stated in § 2255(f)(3).

Defendant also argues that McGirt not only affirmed the establishment of reservations, but also affirmed the legal treaties that were created between the tribes and the United States. Defendant fails to address why this argument is not also subject to the infirmity discussed above–McGirt did not create new rights and thus did not extend the time for defendant to bring these treaty-based claims. In light of that failure, the Court finds these arguments untimely.

Additionally, defendant's argument regarding tribal treaties is without merit. "[T]he Constitution grants Congress broad general power to legislate in respect to Indian tribes, powers that [the Court has] consistently described as 'plenary and exclusive.'" United States v. Lara, 541 U.S. 193, 200 (2004) (quoting Washington v. Confederated Bands & Tribes of the Yakima Nation, 439 U.S. 463, 470-71 (1979)). Congressionally recognized Indian tribes exist as "domestic dependent nations." Cherokee Nation v. Georgia, 30 U.S. 1, 17 (1831). These "tribes retain all aspects of sovereignty they enjoyed as independent nations . . . with three exceptions." Las Vegas Tribe of Paiute Indians v. Phebus, 5 F. Supp. 3d 1221, 1227–28 (D. Nev. 2014). The third and most important of those exceptions is that "Congress may strip a tribe of any other aspect of sovereignty at its pleasure." Oliphant v. Suquamish Indian Tribe, 435 U.S. 191, 208 (1978), superseded on other grounds by 25 U.S.C. § 1301(2), (4) (1990). "[A]ll aspects of sovereignty consistent with the tribes' dependent status, and which have not been taken away by Congress, remain with the tribes." Las Vegas Tribe of Paiute Indians, 5 F. Supp. 3d at 1227–28.

Under the Indian Country Crimes Act, 18 U.S.C. § 1152, Congress extended "the general criminal laws of federal maritime and enclave jurisdiction to Indian country, except for those

'offenses committed by one Indian against the person or property of another Indian.'" Negonsott v. Samuels, 507 U.S. 99, 102 (1993) (citation omitted). Defendant committed a crime against the United States by possessing specific firearms without registering them and paying the required registration tax. Absent express exemption, courts hold that federal tax laws, including those with criminal penalties, apply to Native Americans. United States v. Finn, 919 F. Supp. 1305, 1337 (D. Minn.), adopted, 911 F. Supp. 372 (D. Minn. 1995), and aff'd sub nom. United States v. Pemberton, 121 F.3d 1157 (8th Cir. 1997) ("There would appear to be no dispute that, absent an express exemption in a Statute or Treaty, Indians are subject to the Federal income tax.") (citing Choteau v. Burnet, 283 U.S. 691 (1931) and United States v. Brown, 824 F.Supp. 124 (S.D. Ohio 1993)). Nothing in defendant's motion or reply indicate that Congress intended to make tribal members exempt from the Internal Revenue Code. Accord Erik M. Jensen, Taxation and Doing Business in Indian Country, 60 Maine L. Rev. 1, 50 ("[T]ribes are generally assumed to be subject to statutes of 'general application' unless Congress provides a specific exemption."). Further, defendant did not commit a crime against the person or property of another Indian. As a result, the intra-Indian exception contemplated in 18 U.S.C. § 1152 is inapplicable to defendant–the general criminal laws of the United States govern.

Because defendant has not shown that McGirt created new rights or applies to defendant's case in any way, defendant has failed to show that his motion under § 2255 was timely filed. Further, in the absence of any meritorious claim, defendant fails to show equitable tolling is warranted.

### B. Rehaif

On June 21, 2019, the Supreme Court decided Rehaif v. United States, 588 U.S. — ,139 S. Ct. 2191 (2019). In Rehaif the Court found that, in order to convict a person of illegal possession of a firearm under § 922(g) and § 924(a)(2), the government must prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.

Defendant pled guilty to knowingly possessing unregistered firearms under 26 U.S.C. § 5861(d). To convict defendant of this offense, plaintiff must prove that defendant i) knowingly possessed a firearm not registered to him in the National Firearms Registration and Transfer Record (i.e., that defendant knew he possessed a shotgun with a barrel length shorter than 18 inches) and ii) that he knew of the specific features or characteristics of the firearm that require it be registered under the National Firearms Registration and Transfer Record (i.e., he knew that the gun he possessed was a shotgun with a barrel length shorter than 18 inches).

No element of 26 U.S.C. § 5861(d) requires plaintiff to know anything about his status (as a veteran, Native American, felon, etc). Because possessing an unregistered firearm is unlawful under § 5861(d) regardless of a defendant's status or his knowledge thereof, Rehaif does not apply.

As with McGirt, even assuming, arguendo, that Rehaif were in some way applicable, defendant's argument that it extended his one-year limitations period is without merit. Rehaif was decided on June 9, 2019. If it applied to defendant, he would be required to bring his claim by June 9, 2020. He did not. He also does not explain why he was not able to do so, or note any circumstances that prevented him from doing so. In the absence of timely filing or any explanation for failing to timely file, defendant's arguments regarding Rehaif necessarily fail.

**C. Power to Tax**

Finally, defendant's argument that the power to tax is unconstitutional is untimely as a matter of law. No part of defendant's motion explains why his argument based on the unconstitutionality of the power to tax was not available to him within one year of his conviction being finalized. As a result, the Court will not address the substance of this argument.

**III.**

The Court has considered each of the claims raised in defendant's § 2255 motion (Dkt. # 58) and finds that the motion to dismiss it (Dkt. # 63) should be granted. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. Accordingly, the Court declines to transfer defendant's motion to the Tenth Circuit.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Dkt. # 63) defendant's § 2255 motion (Dkt. # 58) is **granted**.  The § 2255 motion (Dkt. # 58) is hereby **dismissed.**

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that defendant's motion for a written order (ruling) (Dkt. # 65) is **moot**.

**DATED** this 10th day of August, 2021.

*(signature)*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE